**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

APR 4 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QIAO CHEN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-505

Agency No.
A208-466-258

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2024[**]
Honolulu, Hawaii

Before: PAEZ, M. SMITH, and KOH, Circuit Judges.

Qiao Chen, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals ("BIA") affirming, without opinion, the denial

of Chen's applications for asylum and withholding of removal by an Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge ("IJ").[1]  *See* 8 C.F.R. § 1003.1(e)(4).  We have jurisdiction under 8 U.S.C. § 1252.  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.  We deny the petition for review.

"Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision."  *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (internal quotation marks omitted) (quoting *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011)).  We review adverse credibility determinations for substantial evidence, meaning we do not disturb such findings "unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021) (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)).  "In assessing an adverse credibility finding . . . , we must look to the 'totality of the circumstances and all relevant factors.'"  *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (cleaned up) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

**1. Fear of Past Persecution.**  The IJ found that Chen's testimony about past persecution was not credible.  Considering the totality of the circumstances and the

---

[1] Although Chen requests that "the Court reverse the IJ's decision and grant him asylum, withholding of removal and/or relief under" the Convention Against Torture ("CAT"), Chen withdrew his request for CAT relief at a hearing before the IJ.  Therefore, we do not address that claim.

record as a whole, substantial evidence supports this finding.

The IJ did not rely on impermissible factors in making the adverse credibility determination. Where, as here, there is no evidence that lying was necessary to immediately escape persecution, Chen's submission of an admittedly fraudulent tourist visa application may support an adverse credibility inference. *See Singh v. Holder*, 638 F.3d 1264, 1271–72 (9th Cir. 2011). Similarly, voluntarily returning to one's home country absent adequate explanation—as Chen did here by returning to China after traveling to Thailand, Malaysia, and Singapore—may undermine a finding of past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) (citing *Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008)).

The IJ offered Chen a reasonable opportunity to explain the inconsistencies she perceived in his testimony and the record, and she permissibly rejected his explanations as implausible. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled in part on other grounds by Alam*, 11 F.4th at 1135–37. Some of these inconsistencies were minor, but "minor inconsistencies, when aggravated or when viewed in light of the total circumstances, may undermine credibility." *Shrestha v. Holder*, 590 F.3d 1034, 1043 n.4 (9th Cir. 2010). And, although Chen argues that some of the IJ's reasoning was speculative, the IJ permissibly considered the "inherent plausibility" of Chen's testimony, 8 U.S.C.

3

§ 1158(b)(1)(B)(iii), and relied on both evidence in the record and common sense, *Lalayan*, 4 F.4th at 835–36, in finding him not credible.

The IJ also permissibly determined that the documentary evidence Chen submitted was insufficient to rehabilitate his credibility or establish past persecution. Although the IJ noted that the authenticity of several of the documents was especially questionable in light of country conditions evidence, she also independently determined that these documents were inconsistent with Chen's testimony and of limited probative value. Considering Chen's testimony and the record as a whole, a reasonable factfinder would not be compelled to find that the documentary evidence was sufficient to establish past persecution or rehabilitate his credibility.

**2. Fear of Future Persecution.** The IJ's determination that Chen failed to establish the well-founded fear of future persecution required by the asylum statute is also supported by substantial evidence. Absent Chen's discredited testimony of past persecution, the record does not compel the conclusion that Chen has demonstrated a well-founded fear of future persecution on the basis of his political opinion if returned to China. The IJ therefore did not err in denying Chen's application for asylum.

Because Chen "has not met the lesser burden of establishing his eligibility for asylum, he necessarily has failed to meet the more stringent 'clear probability'

4

burden required for withholding" of removal. *Sharma*, 9 F.4th at 1066 (citing

*Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001)).[2]

**PETITION DENIED.**

---

[2] In light of our disposition of Chen's asylum claim, we need not address the government's argument that Chen waived any challenge to the agency's finding that he had not shown he would merit a favorable exercise of discretion.